RICARDO MORALES-BARNESET, Appellant, *v.* REGISTRAR OF SAN GERMÁN, Respondent.

No. 713. Submitted March 1, 1928.—Decided March 14, 1928.

*R. A. Saliva* for the appellant. The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This administrative appeal refers to only a part of the decision of the Registrar of Property of San Germán endorsed on a voluntary mortgage created on January 9, 1928, by Ricardo Morales Barneset and his wife in favor of the firm of Silva & Mari. The deed was executed before notary Emilio Forestier Gregory and in it the mortgagors Morales Barneset and wife state that they are the owners of two described rural properties; that they received as a loan from the firm of Silva & Mari, who are not parties to the deed, three hundred dollars with interest, the obligation being set out in a mortgage note (that is the name given it); that they bind themselves to pay the amount of the loan with interest and the costs, and create a voluntary mortgage on the properties; and at the foot of the deed, as an addition thereto, the mortgage charge is distributed between the two properties equally.

The decision of the registrar mentions, among other things, the curable defect of failure on the part of the creditor firm to accept the mortgage, and it is said therein that since a distribution is made of the charge between the properties, the formal acceptance of the mortgage was necessary. This is the part of the decision from which the appeal was taken.

The registrar has followed section 164 of the Mortgage Law Regulations which provides that registrars shall not record any mortgage on different properties subject to the same obligation, unless by agreement between the parties or by a judicial order, the amount which each estate is to secure shall be determined.

In the deed under consideration the charge on each property has been determined, although this fact appears at the foot, after the deed had been attested by the notary and been opened again for that purpose. But that distribution does not appear to have been made by agreement between the parties, for one of them, Silva & Mari, does not appear in the deed as a party.

The requirement of the law as to the distribution of the liability is not capricious. It is an integral part of the principle of specialty which is basic in the system. Each property should appear with a definite and concrete liability, and this permits the contracting thereon with a clear knowledge of its status in the registry.

Section 164 of the Regulations is nothing more than the practical form of sanction of section 119 of the Mortgage Law which reads as follows:

"Art. 119. When a number of estates shall be mortgaged at the same time for a single credit, the amount or part of the charge to be borne by each shall be specified."

And section 120 of that law gives the reason for that distribution of liability, which is to prevent the enforcement of any claim, to the prejudice of a third person, for any sum greater than the amount of the charge.

Section 177 of the Regulations cited by the appellant is not applicable. It refers to section 141 of the Law, or to a case of the creation of a mortgage by a third person without sufficient power of attorney, and to its ratification by the owner of the mortgaged property. We can not understand why that citation is made in support of an unnecessary appeal, for the statute cited by the registrar furnishes an easy way of curing the defect, by the agreement of the parties to the distribution in a public instrument or by a petition addressed to the registrar.

The decision appealed from is affirmed.